The Honorable, the Judges of the United States Court of Appeals for the 4th Circuit. Oyez! Oyez! Oyez! All persons having any manner or form of business before the Honorable of the United States Court of Appeals for the 4th Circuit are admonished to draw nigh and give their attention, for the Court is now sitting. God save the United States and its Honorable Court. Good morning, everybody. Please be seated. We have two cases this morning for hearing. The first is 23-2025 Watts v. Maryland CVS Pharmacy, LLC. Ms. McCulley. Good morning, Chief Judge Diaz, Judge Harris, and Judge Berner. Lindsay McCulley on behalf of the appellant in this case, Amanda Watts. In this case, a CVS pharmacist put two needles both in the same wrong location on Mrs. Watts' arm. They both were put in the same wrong location, they both hurt, and they both caused redness and swelling almost immediately. In this case, the Court granted summary judgment on causation, saying that Ms. Watts could not show which of the two vaccines that were given one after another caused the harm. That was error, because the evidence in this case was sufficient to defeat summary judgment under any scenario of causation, whether it was just the needle that contained the Pneumovax vaccine that caused the harm, whether it was both the Pneumovax needle and the Boostrix needle that caused the harm, or whether it was either one, but not both. The evidence was sufficient to move forward past summary judgment. So first, I want to talk about the evidence was sufficient if the misplacement of the Pneumovax needle was the cause of the harm. And for that, the evidence, we both had plaintiff's expert Dr. Chaudhry's report, which indicated that it was the Pneumovax needle that caused harm, and that at deposition he testified really only briefly a couple questions about the differences between the two needles. And he testified that a needle that would have caused harm in this case is one that would have caused pain and redness. The Pneumovax needle or the needle containing the Pneumovax would have fallen into that category. Ms. McCulley, can I? Sorry to interrupt. So in order for your client to succeed in this case, she would have had to have shown that it was the Pneumovax needle that caused the harm because she couldn't litigate liability with respect to the other vaccine because of the limitations imposed by the Vaccine Act. Do you agree with that? I agree that we that the plaintiff had to show that the Pneumovax needle or the needle containing the Pneumovax had to be a cause of the harm. Well, not just a cause, but a substantial factor in the cause, right? Yes. Okay. Go ahead. And that test would be whether the Pneumovax vaccine or either vaccine would have been a cause of the harm individually or together. Is it really in either vaccine? Isn't it that you need to bear that burden with respect to the Pneumovax vaccine? We have to prove, yes, that the Pneumovax vaccine was a cause of the harm. And the evidence was sufficient for that. If we look at what is required for substantial factor, the plaintiff has to present evidence that the Pneumovax vaccine is ruled in as a substantial factor. So is it necessary for us to accept the errata that was filed with respect to your expert in order to come to that conclusion? No. Why not? Because the evidence by itself supports a finding that the Pneumovax vaccine was a cause of the harm. But how could that be if your own expert said that if the location was in the exact same place, then it would be difficult for me to tell which one of those was the cause? So that question was, if the Boostrix was given in the same location, how could you tell it wasn't the Boostrix? And so he was saying that would be difficult to rule out the Boostrix vaccine as a cause of the harm. Right. So if that's the case, how could a jury possibly reach a conclusion as to the Pneumovax being the cause? Because Dr. Chaudhry did testify that the Pneumovax vaccine was a cause of the harm. Where did he say that? In his report. But then when he was asked this question about the facts as we understand them to be, that is, that both vaccines were administered in the same hole, didn't he sort of back away from that and say, I mean, the answer to that question suggests that if a jury were asked to answer that question, they couldn't because they'd be speculating as to which of the vaccines caused the harm. Under his testimony and in a fair reading and in the light most favorable to the plaintiff, it can be both. Right. If they were both given in the same wrong location, one after another, the undisputed evidence was they both caused pain, they both caused redness and swelling, then they both fall into his opinion, which was that the needle that would have caused pain and redness would have caused the harm. So they both can be substantial factors. I'm sorry. So is your theory of the substantial factor causation that, is it that the jury could find that it was the combination of the two shots that caused the pain? Or is it that the jury could find that either one would have had the same injurious effect? Under any of those theories, the jury, the jury would find. But what's your theory? Like what, what, what theory would, would, would your client present to a jury? There was sufficient evidence that the Pneumovax vaccine needle was a cause of the harm or at least a substantial factor, even if the Boostrix vaccine also contributed to the harm because they were given in the same place. And it's similar to, you know, some of the cases that the court asked, the parties are prepared to talk about the Levitas versus Christian case, the Rogers versus Home Equity USA and Eagle Pitcher, which all, you know, the import of the evidence needs to roll in a cause to be a substantial factor. They don't have to rule out other causes. So if we think about those cases, Levitas and Rogers were both lead paint cases. And so the, even though there was evidence that there were other properties that could have been the source of the lead paint injury, all the plaintiff had to do was present enough evidence that the property that they, the defendant had was a substantial factor. Roll that in. So the district court said this isn't a substantial factor case. This is a but for causation case. And so where did the district court go wrong? In your view, when the district court said we're not doing substantial factor here, why was that wrong? It's wrong because the plaintiff is not limited to but for causation in this case. But I guess I why not? The district court thought the plaintiff was the district court thought that the expert testified that it was one or the other. It's the one that was left there is with the residual redness and whichever one that the experts testimony at the deposition indicated that it was either or causation. And if that if it's either or causation, then you don't apply substantial factor. So I just want to know where in that chain of reasoning you thought the district court went wrong? Yes, Your Honor. And it's the misinterpretation of the experts testimony and that it was not in the light, most an interpretation, not in the light, most favorable. OK, but you agree. I just want to understand what the dispute is about. If the expert testified it's one or the other, then we wouldn't be talking about substantial factor. We'd be talking about but for causation. I don't think so, Your Honor, because the expert is, you know, one element of it. Right. If that was I think in this case, it's a little bit muddled because the causation, the expert is saying a needle that goes into your arm in this location would cause harm. OK, so then that's that's the opinion. Right. And then the jury, the fact finder can decide, OK, what needle went into that or the arm in that place? So the district court was wrong at both steps of the analysis, misread the deposition. But even if the district court properly read the deposition, it was still error to say this is not a substantial factor case. Yes, Your Honor. And another point on that issue is that even if it was either or, then we get into the theory of alternative liability. And I don't know how the alternative liability theory would not apply in this scenario. Well, has the Supreme Court or the highest court in Maryland ever applied it in a scenario like this? Not in a specific scenario like this, but in the test for alternative liability, is are there two negligent acts? Clearly only one of them caused the harm, but the plaintiff can't show which one caused the harm through no fault of the plaintiff. But are any of those cases in situations where there is one defendant and two acts? Or are they all in cases where there are two different defendants with two different acts? The cases that I found are usually more than one defendant, but all the more reason why it would apply in this case. Because the policy reason for applying it is that even though you have multiple defendants and only one of them was the cause of the harm. They were all negligent, but only one of them was the cause of the harm and you can't show which one. We are going to make them all liable for the harm. Because otherwise you have an innocent victim or plaintiff who would not recover in that scenario. But the problem with that is that one of the potential causes of the harm is one that you can't litigate in court because of the statute. So how could a jury find that the Boosterix was the cause of the harm in this case? By definition, they're not allowed to do that. If they did it, then the plaintiff wouldn't recover, right? Because they haven't. It's like if there was somebody who was . . . But you're presenting . . . my point is that the judge would be presenting a theory to the jury that is inconsistent with the statutory scheme that's set up. You have a remedy for the Boosterix. It's not a judicial remedy, at least not initially. It's one that goes through this administrative process. But now you're telling the jury, never mind about that. If you find that a defendant in this case committed both of these acts and you can't tell which one actually caused the harm, you can still find for the plaintiff, even in the face of a scheme that says otherwise. It would be finding in favor of the plaintiff for the Pneumovax vaccine because you can't tell which one. If the defendant in this case was able to definitively show the jury that it was . . . it shifts the burden, right? It's the two hunters in the woods, both shoot at the same time, both negligent, and there's a victim that they only got hit by one bullet. If one of those hunters can prove it wasn't me, it was the other person, then they would be off the hook. Back to Judge Berner's question, those are two hunters. We've only got one defendant in this case. Right. So if CVS can prove that it was the Boostrix vaccine and not the Pneumovax vaccine . . . Why is it CVS's burden? It's your burden to prove causation and liability. Yes, Your Honor. In the alternative liability doctrine context, that's when the burden shifts. So the burden shifts to the defendant to prove it wasn't them if there is sufficient evidence for alternative liability. But this . . . I mean, this seems like an argument maybe you could make to the Maryland courts, but this is a question of state law. Like as a federal court, I'm not sure we are in a position to extend tort doctrine for the Maryland courts. Do you see my concern? I understand, Your Honor, and I don't think you would be extending it at all. The Maryland courts in several cases have said this . . . the alternative liability doctrine is a sound doctrine. Yeah. We use that doctrine. It's in the restatement. It's applicable in our state. So there's no expansion to do. It's just to apply . . . Well, except that to a single defendant. That's a different context to which it has not been applied by the Maryland courts. That's true, but it's a distinction that doesn't make a difference with the facts. Because the policy reason to apply it is even more present when there's only one defendant. So if they are not able to show, once the burden shifts, that it was the Boostrix vaccine, then only the negligent party, where there's no party that didn't cause the harm, that would be liable in that case. And so I want to go back to a minute to the court's interpretation or misinterpretation of Dr. Chaudhry's testimony. It's not a fair interpretation of his testimony that he was saying which one or the other, but not both. It was based on essentially two questions in the deposition. One was at the . . . if they were given in the same place, how could you tell it wasn't the Boostrix? And he said it would be difficult for me to tell. In the lightmost fable of the plaintiff, a fair reading of that is I cannot rule out the Boostrix as a potential cause. And the other question was if they were given slightly apart, how could you tell which one caused the harm? And he said it would be the one that caused pain and redness. That was a hypothetical question. That's not even the facts of this case. So, counsel, I understand what you're saying. And, I mean, I know people aren't . . . you know, this isn't written. People are just sort of answering questions. But I feel like this expert had so many opportunities when the questions kept coming, which one, which one. If the answer had been both, it would have been so easy to say that. There were a number of opportunities to sort of get away from singular causation and start talking about dual causation, and it just didn't happen. And he did refer a couple of times to it's whichever one. It is the one. There was just no effort to sort of interject into this discussion. Oh, hang on. It might have been both. I'm almost out of time. Can I answer your question, Your Honor? Yes. I don't think that he had to do that. He doesn't have to say it's both in order for the plaintiff to move on to pass summary judgment. It has to be whether there is sufficient evidence that the Pneuma vaccine was a cause. And so with his testimony, that is in the light most favorable to the plaintiff. I'm sorry. Just so I understand, he had to say he didn't have to say it was both. He had to say what? That the Pneuma vaccine was a cause of the harm. Well, he doesn't say that either. He says it in his report, and then there's no question. I see. So you're going back to the report. Okay. He says it in the report, and then the only deposition, it's not a chance for him to kind of explain everything unless he's asked. Right? It's to answer the questions that are asked. Well, he's asked, how do you know which one it was? And he doesn't say either, I already told you it's the Pneuma vaccine, or it might have been both. And I don't think he has to do that in order for there to be sufficient evidence that it was the Pneuma vaccine. Thank you very much. Thank you. Solomon. Good morning, Your Honors. May it please the Court. Katherine Herr-Solomon on behalf of the defendant, Marilyn CVS. Summary judgment was properly granted in this case. Plaintiff is correct that in general, you can have more than one cause of a claimed injury. However, here the issue was limited by her own expert's testimony that her injury was caused by the, quote, one vaccine that caused the redness and swelling. And he could not identify which of the vaccines was the one that caused those symptoms. And there is no evidence, expert evidence, in this record that the injury could have been caused by both vaccines. Didn't he say the one in response to a question, what if they were given slightly apart, would you be able to tell? And then in response to that question, he says, whichever one was the site where there was the focus of residual pain and redness. So the one that you're referring to is in response to a very specific question. And he was not asked, I don't see a question where he's asked, would it have to be one or the other? Right. I would argue that the clearest, I would argue it's not an interpretation. The Court didn't interpret the deposition testimony. It's a plain reading of the deposition testimony. And the clearest answer is on page 608. I believe it's the question that Your Honor is referring to. But if they were given in the same hole, or if they were given, let's say, the sixteenth of an inch apart, you wouldn't be able to tell which shot had damaged the nerve that led to the complex regional pain syndrome. And his answer is, it would be the one that was left with the residual pain and warmth for a week. He couldn't identify which one was the one that caused the claimed injury. Therefore, a plaintiff is incapable of connecting the alleged negligent act with the claimed injury. And it's not a matter of failing to exclude a cause. It's the inability to establish a causal connection between the alleged negligent act and the claimed injury. And plaintiff cannot rely on Dr. Chaudry's report because it was silent as to the Boostrix vaccine. So it's not based on facts in the record. And when you look at the deposition testimony, it's clear that plaintiff did not meet her burden of proof. Well, in the Levitas case, this Maryland Supreme Court tells us that the plaintiff is not required to exclude other possible contributing sources. And so why did Watts' expert have to exclude the Boostrix as a possible factor? Because it's based on plaintiff's own expert's testimony. It's the expert in this case that testified that it's either one or the other. So it's not a matter of excluding Boostrix. It's a matter of causally connecting the pneumovax to the injury, which he was unable to do. Well, isn't that just an interpretation of the deposition? And aren't we required at this stage to take the facts in the light most favorable to the plaintiff? I would argue it's not an interpretation. I mean, he repeatedly refers to the one from page 606 through 608. And on page 607, he said, the question is, so you are saying that the one that caused the original swelling and redness would be most likely the cause, and his answer is, if prolonged. And the expert never, whether we use the but-for or the substantial factor test, the expert never opined that but-for the pneumovax vaccine plaintiff would not have been injured. And he never opined that the pneumovax was more likely than not a substantial factor in causing the injury. And even if we consider the errata sheet, which I think, which I would argue was properly stricken, it's not based on medical certainty or substantial factor. It simply says would have contributed to her injuries. I would also point to the Rogers case, which this court asked us to be familiar with. And so even assuming plaintiff elicited expert testimony that both were a cause of the injury, the court in Rogers cited Peterson versus Underwood. And this quote supports the grant of summary judgment in this case. It states, the plaintiff produces legally sufficient proof to get to the jury once he shows it is more probable than not that the defendant's act caused this injury. This does not mean plaintiff was required to exclude every other possible cause of the accident. But where plaintiff, by his own evidence, shows two or more equally likely causes of the injury, the only one, for only one of which defendant is responsible, plaintiff cannot recover. That is this case, assuming plaintiff established that there were two possible causes, which I would argue plaintiff failed to do in this case. Well, I think there's a difference between responsibility and liability, because I think under that test, the jury could find that both vaccines were responsible, but yet by virtue of the statutory scheme, the only one that matters in the litigation is the Pneumovax vaccine. Well, I would argue that the Boostrix vaccine cannot be litigated at a trial of this matter. I don't disagree with that. But, you know, responsibility is that it could very well be that the Boostrix was responsible, and perhaps they both were. The problem is that, as I think you've suggested, is that if they're in equipoise, then by definition the plaintiff can't win. Right. With respect to the errata sheet, the court doesn't have to even get to the issue of the substance of the issue, because the plaintiff failed to adhere to Rule 30E. The reason proffered for the change was clarification and completion of answer, which was wholly insufficient to the extent that Dr. Chatre never explained why he was unable to state his revised answer during the deposition, and he never explained what led him to change his answer a month after the deposition. Even if the court concludes that the reason was sufficient, the errata sheet was properly stricken because the proposed change contradicted his prior testimony. His initial testimony was that it was the one or the other, and the proposed change suggests that both contributed to her injury, which is a complete contradiction to his initial deposition testimony. Counsel, just so I understand the structure of everyone's argument, if I thought hypothetically that the errata sheet should come in, then what? It still is insufficient to establish causation, because it doesn't state that the pneumovax was more likely than not a substantial factor in causing plaintiff's injury, and that is the burden of proof. Okay. Unless there are further questions, I'm happy to rest on my brief. On the errata sheet, I have a question about what standard you're urging us to apply. As I see it, I don't see a standard established in our circuit, and I'm wondering if you agree with the standard that was applied by the district court, if that was the correct standard. It seems at times it may be appropriate to allow for clarification or completion of an answer if a deponent was confused or misunderstood a question, and I guess I'd like some help in understanding how you think we should write this rule. I would agree with the district court's rationale. He referred to . . . or there's a case from the district court that it should be a case-by-case analysis, and I think that's an appropriate analysis, and if there is a misunderstanding of the question or if the change is relative to a typo, the rationale for the rule is to correct errors made by the court reporter, not altering testimony that was said under oath. A deposition is searched for a truthful testimony, and if anyone was able to change their deposition testimony after the fact, then it would render depositions meaningless. Couldn't there just be a rule that then you could use that to impeach a witness at trial or you could ask to reopen the deposition? Wouldn't that be also a reasonable rule? As opposed to the . . . Disallowing the correction. Right, right, right. In this case, plaintiff actually cross-examined Dr. Chatre and did not address the causation testimony, and should this case go to trial, Dr. Chatre could explain his deposition testimony as opposed to permitting the errata sheet. I have a question about the alternative liability theory that your colleague puts forward. You know, what I find disturbing about this case is that essentially where we are is because CVS potentially . . . Well, there were two vaccines, and because it seems both of them were administered in the wrong place, or so the plaintiff argues, and so because there are two wrongs, then there's no . . . and then the other one is within, but because there are two wrongs, then your client essentially gets off the hook, and it does seem to me that that's exactly the type of circumstance that the alternative liability theory is meant to solve for, although, as my colleagues point out, there's no case in the Maryland Supreme Court where there is a single defendant. How do you respond to your colleague's argument that this doctrine should apply in a case with a single defendant? I mean, the well-settled case law is that it only applies to two defendants. This case is really . . . there's one allegation, one negligent act, and it's the administration of the Pneumovax vaccine. That's what the complaint states, and that's what the case should be limited to, so it doesn't apply. It's not two negligent acts as argued by the plaintiff, and there's no basis to extend the doctrine to this case for that reason. Well, you're not arguing that the vaccine was administered correctly. You're arguing that potentially there's no proof or adequate proof that the incorrect administration caused harm. Right. Isn't that right? Yes. The summary judgment motion was limited to the issue of causation. Yes. And so it is, at least based on the allegations in the complaint and in the facts that were put forward, both vaccines were administered in the wrong place? Allegedly, but the scope of the case is limited to plaintiff's complaint, which is the alleged improper administration of the Pneumovax vaccine. It does seem to be a strange windfall not to have to be in this situation. Well, plaintiff's expert testified that it was not a departure from the standard of care to not document which vaccine was administered first or second, and it's plaintiff's expert's testimony that limits the causation to one or the other. So I would argue that plaintiff charted their own course, and other than speculation, if this case goes to a jury, then a jury would be forced to speculate as to the cause of the claimed injury. Therefore, the summary judgment motion was properly granted. Thank you.  Thank you, Your Honors. I want to address two different things. One, the alternative liability theory, and Chief Judge Diaz, you said perhaps it were both, and then that would certainly be enough for us to go to the jury. Even if they were in equipoise, then the alternative liability would kick in, and we would still be able . . . we have sufficient evidence to go to a jury. There's a lot of discussion about, well, isn't it always applied with more than one defendant? There's no case where they say, this only applies in a situation where there are two defendants. It just so happens that that is typically going to be the scenario, because you are not often going to have one defendant who has one act that's immune, and one act that's not immune. But the essential principle of the alternative liability is the same. In this case, it is like we have two defendants, because one of the negligent acts is immune, one of them is not immune. Just like the case, there was a case that we cited where there were two different baby formulas, and both manufacturers both had the same germ in it that caused the infant's illness. The alternative liability theory kicked in because the plaintiff was not able to show which one of those baby formulas caused the harm. The court said, it's up to you, defendants, to prove that you weren't the one. If you can't prove you weren't the one, then you're both liable. In this case, the alternative liability theory would say that CVS has to prove that it was the Boostrix vaccine in order to not be liable. If they can't prove that, then they're liable under the alternative liability theory. I want to talk about the errata sheet. Before you get there, that assumes that you've got testimony, expert or otherwise, as in the baby formula case that shows that either one of these vaccines could have caused the injury. We would have to read that deposition testimony as you would like us to read it. No, you'd have to read it in the way we would. It would have to be that it's one or the other, but not both. If it's both, then the substantial factor test applies. If both of them could be the cause, then the Pneumovax vaccine is clearly a cause. It's only in this strange scenario, which I would argue is not a fair interpretation of the testimony. It's actually an illogical interpretation of what an expert would say. Why would he say that two needles, both going in the same place, but only one of them could have possibly caused the harm? That's not a fair reading in an illogical way. Why would he have that opinion? The fact that we are talking about it this way, that we're trying so hard to determine what did he actually mean, what was he saying when he answered this question, that he very clearly was not saying it the way that the defense and the court had said, so then that's an issue for the errata sheet. I mean, is it really that illogical? Your standard of care expert actually used the term this is an either-or causation case, and I know that she was there to testify only about the standard of care and not about causation, but it doesn't seem like it's crazy to think we're talking about teeny little distances and nerves that a minor difference in placement could really matter, and your first expert witness thought that, that this was either-or. What the facts are, so the expert is saying a needle in this place would cause this injury, so then you look at the facts. So what are the facts in this case that would support a finding that it was the Pneumovax needle? And those are clear because they have both the plaintiff testifying, they were both given in the same location, they both hurt, they both caused redness and swelling, and then the nurse the next day that saw her at the urgent care who said, yes, there was one location site, it was red and swollen and was very painful to her. So the facts in this case support the finding that it was at least both of them, but certainly that the Pneumovax vaccine is rolled in as a substantial factor. And I think that in my remaining time I'd like to say that the errata sheet, if it's accepted, clearly then Dr. Chaudhry is explaining the opinion. It's not that I'm saying it's only one or the other. If they were both given in the same location, the Pneumovax would have been a cause of the harm too. Can I ask you a question about that? The errata says the Pneumovax would have contributed to the harm. So I understood that to be referring to kind of the first prong of substantial factor causation where it was because both shots were given in the same place. You needed both. They combined to cause the harm. Is that how you read that? Because he doesn't say it would have been a substantial factor. He says it would have contributed. I believe that saying it would have contributed would be sufficient for substantial factor. Well, I know, but I'm just asking you, which prong of substantial factor do you read that as going to? That the Pneumovax vaccine was a substantial factor in causing the injury. I'm sorry, Your Honor, maybe I'm not understanding your question. It doesn't matter. For all the reasons that I've provided here and in our briefs, we'd ask that the court reverse the grant of summary judgment in this case. All right. Thank you very much. Ms. Cawley, we'll come down and greet both you and Ms. Solomon and your colleague and move on to our second case.
judges: Albert Diaz, Pamela A. Harris, Nicole G. Berner